FILED

JAN 20 2026

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

Case No: _____

GABRIEL A. LOPEZ,
                Plaintiff

-Against-

MEDICAL DIRECTOR ARTHUR CAMPBELL, et al.
                Defendant(s)

MOTION FOR A
PRELIMINARY INJUNCTION

GABRIEL A. LOPEZ; Pro se,

1- I am the Plaintiff in this case. I am requesting a preliminary injunction to ensure that I receive necessary medical care, mental health care, and order from the court requiring prison officials to stop giving plaintiff prison rule Infraction for behavior associated with Gender Dysphoria, an order from the court requiring defendant K. faire and Robert Civils to allow plaintiff a f.TARC meeting, an order from the court ordering the D-TARC to proceed with Hormone Treatment for plaintiff, an order from the court directing defendant Alston to address plaintiff's concerns in his grievance complaint dated 9-27-25, an order from the court ordering all defendants to stop discriminating against plaintiff because of Plaintiff's Gender Dysphoria diagnose.

2- As set forth in the Complaint in this case, Plaintiff is a transgender person who was diagnosed with a chronic illness called Gender Dysphoria (G.D) some time in April 2025 at Pasquotank Correctional Institution and again a G.D diagnosed was updated on December , 2025 by Dr. Louberbaum, Plaintiff's current mental health psychiatrist.

3- As a result of Plaintiffs G.D diagnosis, and the negative symptoms impacting plaintiff's mental health. Dr. Louberbaum prescribed plaintiff a medication called PAXIL on December 2025. This was the second time Plaintiff was placed on medication form mental health in 8 months.

4- The first time Plaintiff was placed on medication called PROSAC in May 2025 by a psychiatrist at Scotland Correctional Institution who was acting on a reccomendation by Dr. Teeter at Pasquotank Correctional Institution.

5- The PROSAC medication was negatively affecting Plaintiff. Plaintiff requested a meeting with mental health psychiatrist Dr. Louberbaum and explained to him that the medication was not working and only made Plaintiff more aggresive and angry. Dr. Louberbaum as a result changed Plaintiff medication from PROSAC to PAXIL

6. Plaintiff met with the f-TARC on 6-10-25 at Eastern Correctional Inst requesting Hormone Treatment as well as other accomodations, Plaintiff was informed that the Hormone Treatment request was sent to the D-TARC for review and decision and other feminine items like panties, bra and makeup was available at the Unit.

7. On 8-14-25 plaintiff met with defendant K. faire who informed plaintiff that plaintiff's request for Hormone Treatment was denied by the D-TARC for 1 year. Plaintiff was not given other treatment plan to help deal with G.D symptoms.

8. On 9-30-25 Plaintiff submitted a grievance complaint disagreeing with and appealing the D-TARC's decision denying plaintiff Hormone Treatment for 1 year

9. On 11-10-25 Plaintiff received the final answer (step-3 response) to plaintiff's grievance complaint of 9-27-25 from defendant Alston who accepted the step-1 unit response of 10-14-25 verbatim. Defendant Alston did not address plaintiff's general medical complaint concerning plaintiff's general medical issues in the grievance complaint of 9-27-25

10. On 11-30-25 plaintiff submitted his most recent sick-call request concerning medical issues plaintiff have been complaining about for 3 months concerning fungus under toe nails, ear infection, ringing in the ear, hair removal for legs and arms, scalp oil for dry scalp, vaseline & dove soap for dry skin, etc. Plaintiff was Informed when called to medical on #6 sick-call request dated 11-30-25 that plaintiff would be put down to see the P.A which has not happened yet.

11. In August 2025 plaintiff started submitting mental health review referral forms seeking various services from mental health. Plaintiff was told by defendant K. faire to place the behavioral mental health forms into the mental health box in front of mental health department, when plaintiff saw defendant K. faire prior to December 2025 and asked if defendant faire received any of the mental health request forms and defendant faire stated that no, she didn't received any of the mental health forms. At this point plaintiff had submitted at least 4 other mental health forms. On 12-3-25 plaintiff submitted another mental health form with that date on it by hand delivering personally to defendant K. faire.

12. For the reasons set forth in the memorandum of law filed with this motion, the plaintiff is entitled to a preliminary injunction requiring defendants to provide plaintiff with necessary Hormone Treatment medical care and general medical care, mental health treatment care, an order from the court requiring prison officials to stop giving plaintiff prison rule infraction violations for behavior associated with Gender Dysphoria, an order from the court requiring defendants K. faire and Robert civils to allow plaintiff a f. TARC meeting, an order from the court ordering the D. TARC to proceed with Hormone Treatment for plaintiff, an order from the court directing defendant Alston to address plaintiff's concerns in his grievance complaint dated 9-27-25, an order from the court ordering all defendants to stop discriminating against plaintiff because of Plaintiff's Gender Dysphoria diagnose, an order from the court directing all defendants to cease any retaliation against plaintiff in any form for plaintiff pursuing his constitutional rights, as well as prohibiting defendants collective Case 5:26-cs-03022-JD-RJ Document 2 Filed 01/20/26 Page 2 of 5

## STATEMENT OF THE CASE

This is a civil rights action brought under 42 U.S.C. § 1983 by a state prisoner who is a transgender person suffering from Gender Dysphoria and who was denied medical treatment for plaintiff's serious medical need. The plaintiff seeks a preliminary injunction to ensure that plaintiff receive proper medical and mental health care

## STATEMENT OF FACTS

As stated in the Motion for pleliminary injunction plaintiff was diagnosed with Gender Dysphoria in April 2025 and this diagnosed was upgraded in December 2025 as Gender Dysphoria by second psychiatrist named Dr. Louberbaum who is plaintiff's mental health treatment psychiatrist. The first psychologist who diagnosed plaintiff as someone suffering from Gender Dysphoria his name is Dr. Teeter at Pasquotank Correctional Inst. and recommended plaintiff to be put on PROSAC medication. Plaintiff requested to see psychiatrist Dr. Louberbaum to change medication due to medication causing negative side effects and intensifying of aggresive symptoms. Plaintiff's medication was changed to Paxil. Plaintiff meet with F-TARC at Eastern Correctional and again requested Hormone Treatment. Plaintiff's request was sent to the D.TARC with a recomendation from the F-TARC (Not Knowing if the reccomenclation was for or against). Plaintiff was informed by defendant K. Faire that the D.TARC had denied plaintiff's request for Hormone Treatment for 1 year (for reasons Plaintiff cannot understand). Plaintiff disagree with the decision and filed a grievance complaint and the grievance complaint was denied at all levels. As a result Plaintiff has continued to experience hightened symptoms of anxiety, deppression, anger, aggression, loneliness, hopelessness, disgust of body, rage, suicedal thoughts, strong urge to make female clothing, frustration, mood swings, inability to concentrate, low self-steem, etc.

## ARGUMENT
## POINT 1

## THE PLAINTIFF IS ENTITLED TO A PRELIMINARY INJUNCTION

In determining whether a party is entitled to a preliminary injunction, courts general consider several factors: whether the party will suffer irreparable injury, the balance of hardship between the parties, the livelyhood of succes on the merits, and the public interest. Each of these factors favors the grant of this motion.

### A. The Plaintiff is Threatened with Irreparable Harm

The Plaintiff alleges that he has been denied care for a serious medical need contrary to Declonta v. Johnson, 708 f.3d 520, 522-23 (4th circ. 2013) and Grimm v. Gloucester County School Board 972 f.3d 586 (No-19-1952) decided: August 26, 2020 and amended: August 28, 2020. See also the modern accepted treatment protocol for gender dysphoria, develop by the World Professional Association for Transgender Health (WPATH), the standards of care for the health of Transsexual, Transgender, and gender non-conforming people (7th version 2012). Such conduct by prison officials is a clear violation of the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 105, 97 S.Ct 285 (1976) (noting that intentionally interfering with the treatment once prescribed is a form of unlawful deliberate indifference).

Case 5:26-ct-03022-BO-RJ    Document 2    Filed 01/20/26    Page 3 of 5

(3)

As a matter of law, the continuing depravation of constitutional rights constitute irreparable harm. Elrod v. Burns 427 U.S 347, 373, 96 S.ct. 2673 (1976). this principle has been applied in prison litigation generally, and specificly in prison medical care cases. Phillips v. Michigan Dep:t of Corrections, 731 F. Supp 792, 801 (W.D. MICH. 1990), Aff'd, 932 F. 3d 969 (6th circ 1991) The plaintiff is threatened with irreparable harm because of the nature of plaintiff's injury, a serious medical and mental chronic illness diagnosed as Gender Dysphoria which said illness causes plaintiff symptoms such as anxiety, deppression, anger, aggression, loneliness, hopelessness, disgust of body, rage, suicidal thoughts, strong urge to make female clothing, frustration, mood swings, inability to concentrate, low self-steem, etc., and at times which causes plaintiff uncontrolable urge to make female clothing apparel to wear to express plaintiff's true self. Plaintiff requested a F-TARC meeting to request other accomodations to help control enhanced or hightened G.D. symptoms in addition to hormone treatment. Plaintiff's request was denied by defendants K. Faire and Robert Couils as well as the D-TARC. If the Plaintiff does not receive proper treatment inmediately in the form of Hormone treatment and/or more accomodations plaintiff may be irreperable harmed. In addition plaintiff has been requesting for the last 5 months to be treated for such conditions as fungus under toe nails, ear infection, ringing in the ear, tendonitis, hair removal for legs and arms, soap & vaseline for dry skin, scalp oil for dry scalp through the proper procedures of filing sick-call requests and paying $5.00 dollars for each request. Plaintiff has been told on every ocassion that plaintiff would be scheduled to see the P.A and this has not happened and if plaintiff does not receive proper treatment for thee general issues, specially tendonitis (ringing of the ear) which has grown worse in the last 5 months to where plaintiff's balance is off and constant ringing in the ears, plaintiff may be irreparable harmed.

B. The Balance of Hardships favors the Plaintiff

In deciding whether to grant a preliminary injunction, court ask whether the suffering of the moving party if the motion is denied will outweigh the suffering of the non-moving party if the motion is granted see Mitchell v. Cuomo, 748 f. 2d 804, 808 (2nd circ 1984), (holding that dangers posed by prison crowding outweighed state's financial and administrative concerns see Hutto v. Finney, 437 U.S. 678, 98 S. Ct. 2565, 57 L. Ed. 2d 522 (1978) See also Duran v. Anaya, 642 F. Supp 510, 527 (D.N.M 1986) (holding that prison interest in safety and medical care outweighed state's interest in saving money). In this case the present suffering of the plaintiff (hightened G. D symptoms) and his potential suffering if plaintiff's G.D symptoms are not treated are enormous. The suffering the defendants will experience if the court grant the order will consist of taking the plaintiff to a suitable doctor and then carry out the doctor's orders, something that defendants do and/or are obligated to do for member of the prison population on a daily basis. The defendant's hardship amounts to no more than bussiness as usual

C. The Plaintiff is likely to succeed on the Merits

The plaintiff has a great liveli hood of success on the merits. what defendants have done-intentionally interfering with medical treatment/standard of care under WPATH protocol, for Transgender persons suffering from serious medical need called Gender Dysphoria, was specifically single out by the Supreme Court as an example of unconstitutional deliberate indifference to a prisoner's

Case 5:26-cv-03022-BO-RJ Document 2 Filed 01/20/26 Page 4 of 5

(4)

medical needs see de'lonta v Johnson, 708 f. 3d 520, 522-23 (4th circ 2013); see also Estelle V. Gamble, 429 U.S 97, 105, 97 S. Ct 285 (1976) Plaintiff contends that in this federal circuit an inmate has a constitutional right to be provided adequate medical and mental health serious needs.

D. The Relief sought will serve the Public Interest.

In this case, the grant of relief will serve the public interest because it is always in the public interest for prison officials to obey the law, specially the constitution. See Duran V. Anaya, Supra (Respect for law, particularly by officials responsible for the administration of the state's correctional system is in itself a matter of the highest public interest. Defendant Alston, state correctional official, within the North Carolina Inmate Resolution Board Agency, had a duty to respond to plaintiff's grievance complaint concerns when plaintiff submitted the grievance complaint dated 9-27-25 requesting for understanding as to what supported the D-TARC decision to delay Hormone treatment for 1 year and plaintiff's concerns as to why plaintiff has not seen the medical P A for his general medical concerns. In answering the question of delayed treatment for 1 year defendant Alston only quoted verbatim of the Step-1 unit response. (See Exhibit "B,D") As for the question concerning general medical care in the grievance complaint defendant Alston totally ignored the medical issue and plaintiff's concerns. (See Exhibit "A", "D")

## CONCLUSION

for the foregoing reasons, the court should grant the motion in its entirety.

Date: 1/14/2026

*Gabriel Lopez*

GABRIEL LOPEZ
Eastern Correctional Inst.
P.O BOX 215
Maury, N.C 28554

Sworn to and subscribed before me this 14 day of January 2026.

*Keyta Vernel Hansley*
NOTARY PUBLIC

My commission expires: 9/26/26

KEYTA VERNEL HANSLEY
My Commission Expires
NOTARY
PUBLIC
09-26-2026
PITT COUNTY, NC

Certificate of service

I certify that I (Plaintiff) have this day submitted a copy of the foregoing motion for a preliminary injunction to defendants in this matter. This the 14 day of January 2026.