IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:26-CT-3022-BO

GABRIEL A. LOPEZ,                              )
                                               )
                Plaintiff,                     )
                                               )
        v.                                     )          **ORDER**
                                               )
ARTHUR CAMPBELL, et al.,                       )
                                               )
                Defendants.                    )

On January 20, 2026, Gabriel A. Lopez ("Lopez" or "plaintiff"), a state inmate proceeding

pro se, filed a complaint under 42 U.S.C. § 1983 [D.E. 1]. The matter is before the court for an

initial review of the complaint pursuant to 28 U.S.C. § 1915A, and on Lopez's motions for

injunctive relief [D.E. 2] and appointment of counsel [D.E. 6].

**DISCUSSION**

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court

must review and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon

which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable

basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous

claims are based on an indisputably meritless legal theory and include claims of infringement of a

legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994)

(quotation omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S.

at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se

complaint, however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Lopez is a transgender person who was diagnosed with gender dysphoria. See [D.E. 1] 8–9. Lopez challenges the denial of hormone therapy treatment while incarcerated at the North Carolina Department of Adult Correction. See id. Lopez names as defendants Medical Director Arthur Campbell ("Campbell"), Chief of Psychiatry Brian Sheitman ("Sheitman"), Behavioral Health Director Lewis Jonathan Peiper ("Peiper"), Director of Rehabilitative Services Sarah Cobb ("Cobb"), PREA Director Charlotte Williams ("Williams"), Director of Health and Wellness Services Corey Junker ("Junker"), Assistant Commissioner Brandeshawn Harris ("Harris"), Grievance Examiner Patricia A. Alston ("Alston"), Facility Head Supervisor for Mental Health K. Faire ("Faire"), Associate Warden Robert Civils ("Civils"), and several John and Jane Doe prison officials. See id. at 1–7.

Lopez asserts eleven claims: (1) defendants Campbell, Sheitman, Peiper, Cobb, Williams, Junker, and Harris denied Lopez hormone treatment in violation of Lopez's Eighth Amendment rights; (2) defendants Campbell, Sheitman, Peiper, Cobb, Williams, Junker, and Harris violated Lopez's rights under the American with Disabilities Act ("ADA") and Rehabilitation Act ("RA") by denying Lopez hormone treatment; (3) defendants Campbell, Sheitman, Peiper, Cobb, Williams, Junker, and Harris did not allow Lopez the opportunity to appeal the denial of hormone

2

therapy treatment in violation of Lopez's Fourteenth Amendment rights; (4) defendants John and Jane Does were deliberately indifferent to Lopez's serious medical needs in violation of Lopez's Eighth Amendment rights when they failed to ensure Lopez was seen by medical; (5) defendant Alston, a member of the inmate grievance resolution board, violated Lopez's Fourteenth Amendment due process rights by failing to address and resolve Lopez's claims before issuing the step three administrative remedy response; (6) defendants violated Article 1, Section 27 of the North Carolina Constitution which prohibits cruel and unusual punishment; (7) defendants Campbell, Sheitman, Peiper, Cobb, Williams, Junker, Harris, Faire, and Civils violated Lopez's rights under the ADA and RA by discriminating against Lopez and denying Lopez access to hormone therapy services and accommodation services; (8) defendants Faire and Civils violated Lopez's rights under the ADA and RA by discriminating against Lopez and denying Lopez's requests for accommodations; (9) defendants Faire and Civils discriminated against Lopez due to Lopez's disability; (10) defendant Jane or John Doe violated Lopez's Eighth Amendment rights by failing to ensure Lopez's behavioral health service referral forms were presented to defendant Faire; and (11) defendants Jane and John Doe prison officials violated Lopez's Eighth Amendment rights by giving Lopez a disciplinary infraction. See id. at 9–18. Lopez seeks monetary damages and declaratory and injunctive relief. See id. at 19–20.

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must plausibly allege the personal involvement of a

3

defendant. <u>See</u>, <u>e.g.</u>, <u>Iqbal</u>, 556 U.S. at 676; <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 691–92 (1978); <u>Wright v. Collins</u>, 766 F.2d 841, 850 (4th Cir. 1985).

Claims one, two, three, six, seven, eight, and nine against defendants Campbell, Sheitman, Peiper, Cobb, Williams, Junker, Harris, Faire, and Civils are not clearly frivolous. Thus, the court allows the action to proceed. Lopez, however, may not proceed with claim five against defendant Alston. Lopez does not allege any personal involvement of defendant Alston and simply names Alston on a theory of supervisory liability. The doctrine of respondeat superior does not generally apply to a section 1983 action. <u>See</u>, <u>e.g.</u>, <u>Iqbal</u>, 556 U.S. at 677; <u>Monell</u>, 436 U.S. at 694; <u>Carter v. Morris</u>, 164 F.3d 215, 220– 21 (4th Cir. 1999); <u>Shaw v. Stroud</u>, 13 F.3d 791, 798–99 (4th Cir. 1994). Moreover, "participation in the administrative remedy proceedings is not the type of personal involvement necessary to state a claim based upon supervisor liability." <u>Abdel–Aziz v. Johns</u>, No. 5:07-CT-3095-FL, 2008 WL 4279696, at *3 (E.D.N.C. Sept. 15, 2008) (unpublished); <u>see</u>, <u>e.g.</u>, <u>Washington v. Showalter</u>, 494 F. App'x 268, 272 (3d Cir. 2012) (per curiam) (unpublished); <u>Booker v. Engelke</u>, No. 7:16cv00084, 2019 WL 1372165, at *5 (W.D. Va. Mar. 26, 2019) (unpublished), <u>aff'd</u>, 830 F. App'x 415 (4th Cir. 2020) (per curiam) (unpublished); <u>Taylor v. Ruebenstein</u>, No. 2:13-cv-33339, 2016 WL 5539594, at *6 (S.D. W. Va. Sept. 28, 2016) (unpublished); <u>Pederson v. United States</u>, No. 5:13-CT-3066-D, 2015 WL 2408219, at *3 (E.D.N.C. May 20, 2015) (unpublished); <u>Harper v. Lappin</u>, No. 5:09-CT-3200-D, 2011 WL 474546, at *3 (E.D.N.C. Feb. 4, 2011) (unpublished). Thus, the court dismisses claim five against defendant Alston.

As for claims four, ten, and eleven against several John and Jane Doe prison officials, John Doe suits are not favored in federal court. <u>See</u>, <u>e.g.</u>, <u>Chidi Njoku v. Unknown Special Unit Staff</u>, 217 F.3d 840, 2000 WL 903896, at *1 (4th Cir. July 7, 2000) (per curiam) (unpublished table

4

decision); Schiff v. Kennedy, 691 F.2d 196, 197– 98 (4th Cir. 1982). Thus, the court dismisses claims four, ten, and eleven against these defendants without prejudice. If Lopez identifies the names of these defendants during discovery, Lopez may move to amend the complaint. See Nichols v. Bumgarner, 173 F.4th 511, 519 (4th Cir. 2026).

As for Lopez's motion for injunctive relief, Lopez seeks a court order directing prison officials to provide hormone therapy treatment, to stop giving Lopez disciplinary infractions for behavior associated with gender dysphoria, to address Lopez's claims, and to stop discriminating against Lopez. See [D.E. 2] 1–5. The court has considered Lopez's motion for injunctive relief under the governing standard. See, e.g., Benisek v. Lamone, 585 U.S. 155, 161 (2018) (per curiam); Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Centro Tepeyac v. Montgomery Cnty., 722 F.3d 184, 188 (4th Cir. 2013) (en banc). Lopez has not plausibly alleged that Lopez is likely to succeed on the merits, that Lopez is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in Lopez's favor, or that an injunction is in the public interest. Moreover, the public interest is best served if courts do not get involved with the daily operations of a prison, especially prior to the finding of a constitutional violation. See Florence v. Board of Chosen Freeholders of County of Burlington, 566 U.S. 318, 328 (2012). Accordingly, the court denies the motion.

As for Lopez's motion for appointment of counsel, the clerk shall send a copy of this order to North Carolina Prisoner Legal Services, Inc. ("NCPLS") to determine whether NCPLS is able to accept an appointment to conduct discovery on Lopez's behalf. See Standing Order 21-SO-11. Accordingly, the court grants the motion in part.

5

## CONCLUSION

In sum, the court DENIES plaintiff's motion for injunctive relief [D.E. 2], GRANTS IN PART plaintiff's motion for appointment of counsel [D.E. 6], and ALLOWS plaintiff to proceed with claims one, two, three, six, seven, eight, and nine against defendants Campbell, Sheitman, Peiper, Cobb, Williams, Junker, Harris, Faire, and Civils. The court DISMISSES all other claims and defendants. The court DIRECTS the clerk to send a copy of this order to NCPLS to determine whether NCPLS is able to accept appointment to conduct discovery on plaintiff's behalf. NCPLS shall review the case and file a response within 30 days. The clerk shall CONTINUE management of the action pursuant to Standing Order 14-SO-2. If service against any defendant pursuant to the standing order fails, the court DIRECTS the United States Marshal Service to make service pursuant to 28 U.S.C. § 1915(d).

SO ORDERED, this 17 day of July, 2026.

TERRENCE W. BOYLE
United States District Judge

6